IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 10-20141 CA 30
DIVISION:

ROYAL BAHAMIAN
ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/



ORIGINAL FILED
APR 02 2010
HARVEY RUVIN
CLERK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Royal Bahamian Association, Inc. ("Royal Bahamian"), by its attorneys, Childress Duffy Goldblatt, Ltd., for its Complaint against the Defendant, QBE Insurance Corporation ("QBE"), states as follows:

### NATURE OF THE ACTION

1. Royal Bahamian brings this action to compel appraisal and for breach of contract due to QBE's failure to comply with an insurance policy issued to Royal Bahamian and to pay insurance benefits for damages to covered property that exceeds fifteen thousand and 00/100 dollars ($15,000.00), exclusive of pre-judgment interest, court costs and attorneys' fees.

### PARTIES

2. At all relevant times hereto, Plaintiff, Royal Bahamian, was and is a not-for-profit corporation operating a condominium association located at 1101 NE Miami



EXHIBIT A

Gardens Drive, Miami, Dade County, Florida 33179.

3. Defendant, QBE is a Pennsylvania corporation, with its principal place of business located at 88 Pine Street, 12th Floor, Wall Street Plaza, New York, New York 10005-1081. QBE is registered to do business in Florida and is engaged in the business of issuing property and casualty insurance policies within Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter and personal jurisdiction over the parties to this cause of action. Plaintiff brings this complaint solely under state law and not under any federal statute, law, rule or regulation, and specifically not under the United States Constitution, nor any of its amendments.

5. A cause of action exists under Florida state law for claims regarding the conduct complained of herein.

6. Jurisdiction is proper as to QBE pursuant to F.S.A. §48.193(1)(a) and (d) because QBE conducts business within the State of Florida and contracted to insure property located within the State of Florida.

7. Venue is proper pursuant to F.S.A. §47.051 because it is the venue in which the causes of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

8. QBE issued Royal Bahamian a commercial lines insurance policy, with Policy Number QF2910-06 (the "Policy"), to cover Plaintiff's real property (the "Property"). (A certified copy of the Policy is attached as Exhibit "A," and is incorporated herein by reference).

2

9. The Policy was in full force and effect from December 15, 2004 to December 15, 2005.

10. Under the Policy, QBE agreed to pay for direct physical loss and damage to Royal Bahamian.

11. On or about October 24, 2005, while the Policy was in full force and effect, Royal Bahamian suffered direct, physical loss of or damage to covered property due to Hurricane Wilma.

12. Royal Bahamian promptly and properly made a claim to QBE for benefits, namely the costs to repair, restore and/or replace the damages, and fulfilled all other duties required of it under the Policy after discovery of the loss.

13. Royal Bahamian paid all premiums due and performed all conditions precedent required of it under the Policy, or alternatively, has been excused from performance by the acts, representations and/or conduct of QBE.

## COUNT I – PETITION TO COMPEL APPRAISAL

14. Royal Bahamian re-alleges paragraphs 1 through 13 as though fully set forth herein as paragraph 14 of Count I.

15. The Policy contains the following appraisal provision which provides for appraisal if there is a dispute as to the amount of loss:

> **Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. (*See* Exhibit A, CP 00 17 04 02, at E(2)).

16. A dispute exists between Royal Bahamian and QBE as to the amount of the loss sustained by Royal Bahamian as a result of a covered event.

17. Accordingly, on October 22, 2009, Royal Bahamian demanded appraisal and appointed its appraiser pursuant to the terms and conditions of the Policy for the loss and damage and that QBE appoint its appraiser. (A copy of the October 22, 2009 Appraisal Demand Letter is attached as Exhibit B).

18. Pursuant to the Policy, QBE has a contractual obligation to proceed with the appraisal to determine the amount of Royal Bahamian's loss.

19. To date, QBE has refused to honor the demand for appraisal and failed to appoint its appraiser.

20. Royal Bahamian was required to retain the undersigned counsel and become obligated for attorneys' fees and costs in connection with the prosecution of this claim. Florida Statute § 627.428 provides that Royal Bahamian may recover its attorneys' fees from QBE under these circumstances.

WHEREFORE, pursuant to the Policy, Plaintiff, Royal Bahamian respectfully prays that this Honorable Court issue an order:

(a) Requiring QBE to immediately appoint an appraiser to determine the amount of the loss;

(b) Requiring QBE to reimburse Plaintiff for its reasonable attorneys' fees and expenses incurred and to be incurred by the Plaintiff in prosecuting this action against QBE pursuant to Florida Statute § 627.428;

(c) Abating this suit pending completion of appraisal and confirmation of the award; and

(d) Granting Plaintiff such other and further or different relief as this Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT

21. Royal Bahamian re-alleges paragraphs 1 through 20 as though fully set forth herein as paragraph 21 of Count II.

22. Pursuant to the Policy, QBE has a contractual obligation to pay the full amount of Royal Bahamian's covered losses, including the costs to repair, restore and/or replace the damage, less applicable deductibles.

23. QBE breached the Policy by failing to pay Royal Bahamian all benefits due and owing under the Policy.

24. As a direct and proximate result of QBE's breach of the Policy, Royal Bahamian has:

   a. Suffered and will continue to suffer significant property damage to the insured property;

   b. Incurred and will incur in the future costs to repair, restore and/or replace the significant damage to the insured property;

   c. Suffered and will continue to suffer consequential damages;

   d. Suffered and will continue to suffer loss of pre-judgment interest, attorneys' fees, taxable costs, appraisal costs, and investigatory fees; and

   e. Any other expenses incurred as a result of QBE's breach of contract.

WHEREFORE, the Plaintiff, Royal Bahamian, prays this Court to enter Judgment in its favor and against Defendant QBE, for damages, costs, pre-judgment interest, attorneys' fees pursuant to Florida Statute § 627.428, and other damages and costs the Court deems appropriate.

## DEMAND FOR A JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable.

          Respectfully Submitted,
          ROYAL BAHAMIAN ASSOCIATION, INC.

By: _____
          Christopher N. Mammel
          Florida Bar No. 54051
          CHILDRESS DUFFY GOLDBLATT, LTD.
          515 North State Street, Suite 2200
          Chicago, Illinois 60654
          Phone: 312.494.0200
          Fax: 312.494.0202
          cmammel@cdglawyers.com