UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 10-21511-CIV-MORENO/GOODMAN

ROYAL BAHAMIAN ASSOCIATION, INC.,

      Plaintiff,

v.

QBE INSURANCE CORPORATION,

      Defendant.
_____/

## ORDER ON QBE'S MOTION TO TREAT THE DEPOSITIONS OF EXPERT WITNESSES AS OUTSIDE THE TEN-DEPOSITION LIMIT OF RULE 30

THIS MATTER is before the Court on QBE Insurance Corporation's Motion to Treat the Depositions of Expert Witnesses as Outside the Ten-Deposition Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i) and to Extend Discovery Deadline for Completion of Depositions[1] (DE# 36, 7/24/10). Having reviewed the applicable filings and the law, this Court grants QBE's motion to the extent that QBE may take an additional five depositions, as it requested in its motion.

    I.    **Procedural Background**

This case involves the claims of an insured, Royal Bahamian Association, Inc. ("Royal Bahamian"), against its property insurer, QBE Insurance Corporation ("QBE"). Royal Bahamian alleges that Hurricane Wilma damaged its insured property in 2005. To date, QBE has taken seven[2] depositions and seeks to take an additional seven more,

---

[1] Pursuant to the limitation in the Order of Reference to Magistrate Judge for All Pretrial Proceedings (i.e., reserving for the district court all motions to extend deadlines in the Scheduling Order) (DE# 37, 7/26/2020), this Order will address *only* QBE's request concerning the *number* of depositions and will not consider the incorporated motion to extend the discovery deadline. (DE# 37 7/26/10.) For similar reasons, I will not consider QBE's later-filed Motion to Continue Pretrial Deadline for Completion of Depositions (DE# 41).

[2] The Court acknowledges that the parties disagree as to whether the deposition of Royal Bahamian's corporate representative Ginette Lelievre should be counted as two depositions given her appearance in both her individual and representative capacities. For purposes of this Order, the Court treats her

including the depositions of Royal Bahamian's six expert witnesses. Royal Bahamian objected to five of the depositions, contending that Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits QBE to only ten depositions. QBE responded to Royal Bahamian's objection by filing the instant motion on July 24, 2010. On July 27, 2010, all non-scheduling pre-trial motions in this case were transferred to me (DE# 40).

II.   **Analysis**

Federal Rule of Civil Procedure 30 provides that a party may take ten depositions without leave of court. It appears that the Eleventh Circuit has not yet decided the question of whether the deposition of an expert witness should be counted against Rule 30's presumptive ten deposition limit. QBE cites several district court opinions, including an unpublished decision which held that "[e]xpert witness depositions do not count towards the ten per-side deposition limit of Rule 30(a)(2)(A)(i) . . ." *Rayco Mfg., Inc. v. Deutz Corp.*, no. 5:08 CV 00074, 2010 WL 183866, at * 3 (N.D. Ohio Jan. 14, 2010). Royal Bahamian did not cite any contrary decision, published or unpublished, in its response. Despite the fact that the few courts which have addressed the issue have followed the Rayco view, it is unnecessary to tread this uncertain terrain because the Court is satisfied it can appropriately exercise its discretion to allow QBE to take the additional requested depositions.

Although a party is presumptively limited to only ten depositions under Rule 30, a party can exceed this limit with the consent of the other party or with leave of court. FED. R. CIV. P. 30(a)(2)(A)(i). A court may grant such leave only "to the extent consistent with Rule 26(b)(2)." *Id. Accord Byrd v. District of Columbia*, 259 F.R.D. 1, 4 (D. D.C. 2009).

---

deposition as a single deposition, but notes that even if it were treated as two, it would not change the Court's opinion that all of the requested depositions should go forward. *See also* Fed. R. Civ. P. 30(b)(2) Advisory Committee Notes to 1993 Amendment (stating that a deposition under subsection 30(b)(2) should be counted as a single deposition if more than one person is designated to testify).

Rule 26(b)(2) provides that:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action . . . [but] the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

Moreover, and as pointed out by Royal Bahamian in its response, a party seeking a court's leave to take more than ten depositions under Rule 30 "must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A)." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001).

The Court finds that QBE has demonstrated the necessity for each of the additional depositions requested. Royal Bahamian describes the case as "factually simple," but, according to QBE's motion, Royal Bahamian has disclosed six expert witnesses. QBE also explained that the number of depositions it must take is justifiably large because it must take depositions from at least a small sample of owners of the approximately 164 units in Royal Bahamian's condominium complex.

The Court believes these justifications are valid on their face, and given Royal Bahamian's failure to dispute these justifications in its response, the Court has no reason to doubt their genuineness. Moreover, this Court is not persuaded by Royal Bahamian's protest that these depositions will subject it to unreasonable expense. Royal Bahamian designated six expert witnesses, which is inconsistent with its assertion that this is a factually simple case.

### III.   Conclusion

Because QBE has demonstrated the necessity of each of the requested additional depositions, QBE's motion will be granted.

3

Accordingly, it is hereby

ORDERED AND ADJUDGED that QBE shall be allowed to take an additional five depositions, as requested in its motion.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 29th day of July, 2010.[3]

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
All counsel of record

---

[3] Depending on whether the District Court grants QBE's Motion to Extend the Discovery Deadlines, this Order may provide relief to QBE which is only illusory.