**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 10-CV-21511-MORENO/GOODMAN**

**ROYAL BAHAMIAN**
**ASSOCIATION, INC.,**

    **PLAINTIFF,**

**VS.**

**QBE INSURANCE CORPORATION,**

    **DEFENDANT.**
_____/

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND REFERENCES TO OTHER CLAIMS AGAINST QBE, INCLUDING AFFIRMATIVE DEFENSES USED BY QBE IN OTHER LAWSUITS, AND INCORPORATED MEMORANDUM OF LAW

Defendant, QBE INSURANCE CORPORATION ("QBE"), pursuant to the Federal Rules of Civil Procedure and Evidence, files this Motion in Limine to preclude evidence of, or references to, other claims against QBE, including Affirmative Defenses used by QBE in other lawsuits and in support thereof states the following:

1. The instant matter arises out of an alleged breach of an insurance contract for Defendant's alleged failure to pay covered damages caused by Hurricane Wilma.

2. QBE anticipates that Plaintiff will attempt to present evidence of or make references to other claims or lawsuits against QBE for prejudicial effect.

3. In addition, Plaintiff may also seek to elicit testimony concerning any affirmative defenses raised by QBE in other lawsuits, such as asserting damages that are false, exaggerated, inflated and/or misleading in scope and/or cost, which QBE has also alleged in the instant case. [D.E. 6].

4. Pursuant to Federal Rules of Evidence 401, 402 and 403, and other federal law, such evidence is inadmissible, as it is irrelevant to the instant case and the prejudicial value substantially outweighs any probative value.

5. Therefore, QBE respectfully requests this Court to preclude evidence of, or references to, other claims against QBE, including Affirmative Defenses asserted by

QBE in other lawsuits, together with such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

Although this matter involves Plaintiff's claim for damages as a result of Hurricane Wilma, it is anticipated that Plaintiff will attempt to introduce evidence of other claims and lawsuits against QBE. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Evidence of or references to other claims or lawsuits involving QBE, as well as any affirmative defenses asserted, have no relevance to the instant matter. Even if the evidence at issue in this motion is somehow found relevant, Rule 403 prohibits evidence if "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts have stated that generally, Rule 403 involves balancing, on the one side, the evidence's probative value and, on the other side, the evidence's dangers, including its unfairly prejudicial and misleading nature. See <u>US Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275 (11th Cir. 2001).

Prior lawsuits constitute evidence of claims unrelated to the instant litigation and present a substantial danger of unfair prejudice. Because the probative value of the prior lawsuits is nonexistent, the risk of unfair prejudice substantially outweighs any such probative value. See <u>Williams v. Asplundh Tree Expert Co.</u>, 2006 U.S. Dist. LEXIS 73238 (M.D. Fla. Oct. 6, 2006) (granting motion in limine to preclude evidence of prior lawsuits); <u>Burley v. Homeowners Warranty Corp.</u>, 773 F.Supp. 844 (S.D. Miss. 1990) ("Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim.")

In a recent order regarding a similar Motion in Limine, in the matter of <u>Isola Condominium Ass'n, Inc. v. QBE Ins. Corp</u>, the Honorable Donald L. Graham held that

"Plaintiff will not be allowed to reference a specific case by name, caption or case number."[1] Similarly, in a recent trial in the matter of <u>The Atriums of Palm Beach Condominium Ass'n v. QBE Ins. Corp.</u>,[2] presided over by Honorable Kenneth A. Marra, the following exchange took place:

    \*  \*  \*  \*

 Q: What cases – did you do for them?

 A: I worked on a case called Vantage View.

 MS. DEMARTINO: Your Honor, objection. We have a motion in limine on this issue on the specific cases and case names.

 THE COURT:  Sustained as to specific cases.

    \*  \*  \*  \*

This District has also granted similar motions in limine related to a party's other lawsuits. See <u>Exime v. E.W. Ventures, Inc.</u>, 2009 U.S. Dist. LEXIS 61367 (S.D. Fla. 2009); <u>Ward v. Estaleiro Itajai, S/A</u>, 2008 U.S. Dist. LEXIS 51333 (S.D. Fla. 2008).

 As the case involves claims being made by Plaintiff, referencing other claims against QBE or QBE's affirmative defenses in separate matters will not assist the trier of fact.  Conversely, the prejudicial effect is high.  Not only will such evidence confuse the issues and/or mislead a jury, but it will sway emotions and unfairly prejudice QBE.

 WHEREFORE, Defendant, QBE INSURANCE CORPORATION, respectfully requests that this Honorable Court to grant its Motion in Limine to Preclude Evidence of, or References to, Other Claims Against QBE, including Affirmative Defenses Used by QBE in Other Lawsuits, for the reasons set forth above and grant any such other relief that this Court deems proper.

---

[1] See [D.E.] 173 in the matter of <u>Isola Condominium Ass'n Inc. v. QBE Ins. Corp.</u>, 08-21592-CIV-GRAHAM/TORRES at p. 15-16. attached hereto as **Exhibit "A."**

[2] See Transcript of Trial, dated September 14, 2009, Volume 4 in the matter of: <u>Atriums of Palm Beach Condominium Ass'n, Inc. v. QBE Ins. Corp.</u>, 08-80543-CIV-MARRA at p. 929; ln 19-25 attached hereto as **Exhibit "B."**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Defendant's counsel hereby certifies that it has complied with Local Rule 7.1(A)(3) by consulting with Plaintiff's counsel in an attempt to resolve the issues contained within this motion, however the parties were unable to resolve same.

Respectfully Submitted,

**BERK, MERCHANT & SIMS, PLC**

**/s/ PATRICK E. BETAR**
William S. Berk
Florida Bar No.: 349828
wberk@berklawfirm.com
Melissa M. Sims
Florida Bar No.: 85936
msims@berklawfirm.com
Patrick E. Betar
Florida Bar No.: 11073
pbetar@berklawfirm.com
2100 Ponce De Leon Blvd., Penthouse 1
Coral Gables, Florida 33134
Telephone:   (786) 338-2877
Facsimile:    (786) 338-2888

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Christopher N. Mammel, Esq.
cmammel@cdglawyers.com
**CHILDRESS DUFFY GOLDBLATT, LTD**
500 North Dearborn, Suite 1200
Chicago, Illinois 60654
Telephone:   (312) 494-0200
Facsimile:    (312) 494-0202
*Counsel for Plaintiff*

Jeffrey N. Golant, Esq.
jgolant@jeffreygolantlaw.com
1000 W. McNab Road
Suite 150
Pompano Beach, FL  33069
Telephone:  (954) 942-5270

Facsimile: (954) 942-5272
*Co-Counsel for Plaintiff*

Raoul G. Cantero III, Esq.
Maria J. Beguiristain, Esq.
**WHITE AND CASE. LLP**
Wachovia Financial Center, Suite 4900
200 S. Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 995-5290
Facsimile: (305) 358-5744
*Co-Counsel for Defendant*

           **/s/ PATRICK E. BETAR**
           Patrick E. Betar