UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21511-FAM-MORENO/GOODMAN

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR THE INTRODUCTION OF EXAMINATION UNDER OATH TESTIMONY INTO EVIDENCE AT TRIAL**

    Plaintiff, Royal Bahamian Association, Inc. ("Royal Bahamian"), moves this Honorable Court to enter an order in limine barring Defendant, QBE Insurance Corporation, from introducing examination under oath testimony into evidence at the trial of this action. In support of its motion, Plaintiff states as follows:

**INTRODUCTION**

    1.    This action arises out of damage to Royal Bahamian's condominium buildings as a result of Hurricane Wilma and Royal Bahamian's subsequent insurance claim to QBE.

    2.    In October 2005, Hurricane Wilma swept across South Florida, causing significant damage to the Royal Bahamian condominium buildings. At the time, Royal Bahamian was insured by QBE under an all risks property policy of insurance, Policy No. QF2910-06.

    3.    Royal Bahamian submitted a claim to QBE for the cost to repair and replace the covered damages resulting from Hurricane Wilma. QBE failed to pay the amounts owed under the Policy and, in April 2010, Royal Bahamian brought this suit for breach of contract. QBE subsequently, in May 2010, formally refused to Royal Bahamian's claim.

    4.    Previously, on October 26, 2009, QBE took the Examination Under Oath of Ginette Lelievre. A copy of Ms. Lelievre's EUO transcript is attached as Exhibit A.

1

5. Insurance Policy No. QF2910-06 contains the following provision:

> 3. Duties In The Event Of Loss Or Damage
>
> b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

(Policy, Condominium Association Coverage Form, CP 00 17 04 02, at 9-10 of 14 [D.E. No. 55-5]).

6. The examination under oath of Ginette Lelievre was taken pursuant to the above-referenced provision of the insurance policy.

7. Royal Bahamian now moves for an Order *in limine* preventing QBE from introducing into evidence at trial the examination under oath testimony of Ginette Lelievre.

## ARGUMENT

8. Unlike a deposition, which is taken pursuant to rules of court, an examination under oath is taken pursuant to the Policy. (Lelievre EUO 6:1 – 6:6).

9. Plaintiff contends that the examination under oath of Ms. Lelievre, taken pursuant to the Policy, does not meet the requirements for introducing depositions into evidence in Court proceedings for purposes other than impeachment under Federal Rule of Civil Procedure 32.

10. Rule 32 allows the admission of deposition testimony into evidence under certain circumstances, including depositions of parties, officers, directors, managing agents and Rule 30(b)(6) witnesses. Rule 32 makes no mention of the use of examinations under oath or any other similar non-deposition sworn statements at trial.

11. An examination under oath taken pursuant to an insurance contract is a different procedure than a deposition. Florida's Fourth District Court of Appeal analyzed an analogous situation in *Goldman v. State Farm*, 660 So. 2d 300 (Fla. 4th DCA 1995), where an insured refused to provide an examination under oath, filed suit, and then sought to substitute his deposition testimony in lieu of the examination. The Appellate Court held that the insurance policy did not allow depositions to be

substituted for examinations under oath, and observed that "depositions and examinations under oath serve vastly different purposes." *Id.*, 660 So. 2d at 305. The court noted numerous differences between the two processes, including that "an examination under oath is contractual rather than arising out of the rules of civil procedure." *Id.* The converse should be true as well, and an examination under oath should not be substituted for a deposition taken pursuant to the Rules of Civil Procedure.

12. Plaintiff is not contending that QBE cannot use examination under oath testimony for the purpose of impeachment, if necessary, but rather that examination under oath, which is not taken under any Rules of Civil Procedure, but rather by contract, cannot be admitted into evidence as deposition testimony under Rule 32.

WHEREFORE, Plaintiff, Royal Bahamian Association, Inc. requests that this Honorable Court bar Defendant, QBE Insurance Corporation, from introducing examination under oath testimony into evidence at the trial of this action.

## Local Rule 7.1(a)(3) Certification

Plaintiff's counsel hereby certifies that it has attempted to communicate with Defendant's counsel to resolve the issues contained within this motion, but has been unable to resolve same.

Respectfully submitted,

By: s/Christopher N. Mammel_____
Christopher N. Mammel
Florida Bar No. 54051
cmammel@cdglawyers.com
Childress Duffy Goldblatt, Ltd.
500 North Dearborn, Suite 1200
Chicago, IL 60654
Tel: (312) 494-0200
Fax: (312) 494-0202
Attorneys for Plaintiff – Royal Bahamian Association, Inc.

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Jeffrey N. Golant
Law Offices of Jeffery N. Golant, P.A.
1000 W. McNab Road
Suite 150
Pompano Beach, FL 33069
Telephone: (954) 942-5270
Facsimile: (954) 942-5272
jgolant@aol.com

Melissa M. Sims
Patrick E. Betar
Berk Merchant & Sims PLC
2100 Ponce De Leon Blvd.
Penthouse 1
Coral Gables, FL 33134
Telephone: (786) 338-2900
Facsimile: (786) 338-2888
msims@berklawfirm.com
pbetar@berklawfirm.com

Raoul G. Cantero
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
rcantero@whitecase.com

s/ Christopher N. Mammel