**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

**Case No. 10-21511-CIV-MORENO/GOODMAN**

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

## ORDER ON QBE'S MOTION TO QUASH NON-PARTY SUBPOENA

THIS MATTER is before the Court on QBE Insurance Corporation's ("QBE") Motion to Quash Non-Party Subpoena. (DE# 83, 8/30/10.) Having reviewed the motion, heard the arguments of the parties during a hearing on September 3, 2010, and for the reasons stated below, this Court denies QBE's motion as moot.

The subpoena shall be deemed served and QBE and EFI Global ("EFI") shall have seven (7) business days from the date of this order to interpose specific objections, if any, to any category of requested documents. The Court also orders EFI to produce within seven (7) business days from the date of this order any documents responsive to the subpoena to which QBE and EFI have no objections.

### I.     Background

This case involves the claims of an insured, Royal Bahamian Association, Inc. ("Royal Bahamian"), against its property insurer, QBE, relating to claimed damage of its insured property allegedly caused by Hurricane Wilma in 2005. On August 20, 2010, Royal Bahamian served a non-party subpoena to EFI. (DE# 83-1.) EFI employs one of QBE's expert witnesses. QBE filed its motion to quash on the ground that Royal Bahamian failed to provide QBE with a copy of the non-party subpoena prior to serving it on EFI, in violation of Federal Rule of Civil Procedure 45(b)(1).

## II. The September 3, 2010, Hearing

The Court held a hearing on this motion on September 3, 2010. At the hearing, counsel for Royal Bahamian, Michael Duffy, quickly and candidly conceded that, due to a clerical oversight, Royal Bahamian had indeed failed to provide QBE with the required notice of its non-party subpoena to EFI. Royal Bahamian still seeks to enforce the non-party subpoena.

QBE advised that its most important problem with the subpoena was that it had been unable to properly consult with EFI about it yet. QBE predicted that EFI may wish to object to certain categories of the subpoena related to information which EFI likely would deem confidential, proprietary, or a trade secret, due to a pending patent application. QBE said that EFI is currently in the process of contacting its patent counsel to determine whether any such objections are necessary.

After this exchange, the Court asked the parties whether there may be some acceptable compromise resolution. QBE agreed that it would be an acceptable compromise for the Court to order that, despite the technical insufficiency of notice provided, the non-party subpoena shall be deemed served. In exchange, Royal Bahamian agreed that it would be appropriate to allow QBE and EFI an additional seven (7) business days from today's date – until September 14, 2010 – to interpose objections, if any, to any category of documents requested in Royal Bahamian's non-party subpoena. As part of this compromise, QBE also agreed that EFI would produce any documents responsive to the non-party subpoena to which there was no objection within seven (7) business dates from today's date as well.

## III. Analysis

Federal Rule of Civil Procedure 45(b)(1) indeed requires that before a non-party subpoena requesting documents is served, notice must be served on each party. Given that the parties reached a compromise regarding the subpoena, I find neither QBE nor

EFI will suffer any prejudice from this compromise. The motion to quash is therefore moot, and will be denied. *See Pagan-Colon v. Walgreens of San Particio, Inc.*, 264 F.R.D. 25, 28 (D. P.R. 2010) (denying motion in limine to exclude documents at trial produced pursuant to non-party subpoena of which objecting party received notice seven months late because objecting party suffered no prejudice from lack of opportunity to object and was given new opportunity to make any objection they could have made had they received prior notice originally). The parties and EFI are hereby ordered to treat the non-party subpoena as per the agreement reached at the hearing.

### IV.     Conclusion

QBE's motion to quash is denied as moot. Royal Bahamian's August 20, 2010, non-party subpoena to EFI shall be deemed served despite its technical deficiency. QBE and EFI shall have seven (7) business days from the date of this order to interpose specific objections, if any, to any category of documents requested in the August 20, 2010, non-party subpoena to EFI. EFI shall also produce within seven (7) business days from the date of this order any documents responsive to this subpoena to which QBE and EFI have no objections.

Accordingly, it is hereby

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 3rd Day of September, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
All counsel of record