**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

**Case No. 10-21511-CIV-MORENO/GOODMAN**

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,
v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

**ORDER ON PROCEDURES AFFECTING PLAINTIFF'S MOTIONS IN LIMINE**

THIS MATTER is before the Court *sua sponte,* in connection with eight (8) separate motions in limine filed by Plaintiff, Royal Bahamian Association, Inc. ("Royal Bahamian") (DE## 73, 74, 75, 76, 77, 78, 79 and 80).

In each of those eight motions in limine, Plaintiff's counsel "certified," under the title "Local Rule 7.1(a)(3) Certification," that "it [sic] has attempted to communicate with Defendant's counsel to resolve the issues contained within this motion, but has been unable to resolve same."[1]  Royal Bahamian did not, in any of its eight motions, provide

---

[1] Local Rule 7.1(a)(3) is entitled "Pre-filing Conferences Required of Counsel." With certain exceptions not applicable here, the rule requires movant's counsel to "confer (orally or in writing)" or "make reasonable efforts to confer (orally or in writing") with all parties "in a good faith effort to resolve by agreement the issues to be raised in the motion."  The rule also requires other counsel to "cooperate and act in good faith in attempting to resolve the dispute."

The rule requires the movant to certify that one of two possible scenarios occurred:  (1) that movant's counsel did, in fact, confer but was unable to resolve the issues, or (2) that movant's counsel made "reasonable efforts" to confer but has been unable to do so.  If movant uses the latter type of certification, then movant's counsel must "identi[fy] with specificity" the efforts taken in the unsuccessful attempt to confer.

Finally, the rule provides that failure to comply "may be cause" to "grant or deny the motion and impose on counsel an appropriate sanction," which "may include an order to pay the amount of the reasonable expenses incurred because of the violation."

1

any detail about the efforts it purportedly took to resolve the issues before filing the motions.

In response to all eight motions, Defendant QBE Insurance Corporation ("QBE") contends that Plaintiff failed to comply with Local Rule 7.1(a)(3) because Plaintiff's only effort to confer was "to send an email at 5:43 p.m. on August 25, 2010 …. asking 'whether Defendant agrees to any of the motions, in which case filing would be unnecessary.'" (DE## 102, 103, 104, 105, 106, 107, 109).  QBE contends that Royal Bahamian allowed it only one hour and 39 minutes to discuss the issue with co-counsel and its client, after business hours, before it started to file its eight motions *in limine*.[2] QBE attached the email as an exhibit to each of its responses to the eight *in limine* motions.  The email explained that the 8 motions which Plaintiff planned to file were attached (albeit without supporting exhibits).  According to the Court's CM/ECF log, Royal Bahamian uploaded its first motion to compel at 7:21 pm on August 25, 2010.

In its replies to the eight motions, Royal Bahamian shall explain whether the timing and chronology outlined in QBE's responses are accurate and whether it ever discussed (orally or in writing) the issues raised in the eight motions before it sent its succinct email memo on August 25, 2010. If there were any discussions which predate the email sent at 5:43 p.m. on August 25, 2010, then Royal Bahamian shall specify the circumstances and provide detail and supporting exhibits, such as emails and letters.

If Royal Bahamian opts to not file substantive replies to any of its eight motions, then it shall still submit the explanation outlined immediately above. To promote efficiency, Royal Bahamian need not file eight separate explanations nor must it repeat the same explanation in each reply.  Instead, it may provide the explanation once, in one

---

[2] QBE also filed substantive responses to the *in limine* motions.

reply, and incorporate this explanation by reference in the other replies. If Royal Bahamian is aware of applicable legal authority which construes the circumstances outlined above as a reasonable pre-filing effort to confer, then it is encouraged to discuss this authority in its replies or explanation.[3]

DONE AND ORDERED, in Chambers, in Miami, Florida, this 21st day of September, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
All counsel of record

---

[3] Many of the motions included exhibits. For example, "Plaintiff's motion *in limine* to bar the introduction of examination under oath testimony into evidence at trial" (DE# 75) attached a 35-page deposition transcript. Similarly, 'Plaintiff's motion *in limine* to exclude and/or limit cumulative expert testimony" (DE# 78) attached 4 exhibits totaling 38 pages.