UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21511-MORENO/GOODMAN

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

## PRELIMINARY ORDER ON PLAINTIFF'S MOTION *IN LIMINE*
## TO BAR THE INTRODUCTION OF
## <u>EXAMINATION UNDER OATH TESTIMONY INTO EVIDENCE AT TRIAL</u>

THIS MATTER is before me on the Motion *in limine* of Plaintiff, Royal Bahamian Association, Inc. ("Royal Bahamian"), to bar Defendant, QBE Insurance Corporation ("QBE"), from introducing examination under oath testimony of Ginette Lelievre into evidence during the trial of this action. (8/25/2010, DE# 75.) Defendant responded on September 13, 2010, Plaintiff replied on September 23, 2010, and a hearing was held on this motion on October 15, 2010. (DE# 107; DE# 123; DE# 142.)

Having heard the arguments of the parties at the hearing, reviewed the applicable filings and the law, and for the reasons stated below, I preliminarily deny Royal Bahamian's motion.[1] Like all of this Court's rulings on the *in limine* motions, this ruling is a preliminary one and may, of course, be revisited by Chief U.S. District Judge Federico A. Moreno, who will be presiding over the trial, should the evidence at trial materially differ from the parties' predictions or if the factual and legal issues under consideration significantly change.

---

[1] All non-dispositive pretrial motions have been referred to me for decision by the Honorable Federico A. Moreno, Chief Judge of the United States District Court for the Southern District of Florida. (DE# 37, 7/26/2010; DE# 40, 7/28/2010.)

**I.     Background**

This case involves the claims of an insured, Royal Bahamian, against its property insurer, QBE, relating to claimed damage of its insured property allegedly caused by Hurricane Wilma in 2005.  The insurance policy at issue in this dispute provides that in the event of a covered loss or damage QBE is entitled to take the examination under oath of the insured.  (DE# 75, ¶ 5.)  Pursuant to this provision, QBE took the examination under oath of Royal Bahamian's corporate representative, Ginette Lelievre, on October 26, 2009.  (DE# 75, ¶ 4; DE# 107, p. 4.)  Lelievre was the president of Royal Bahamian at the time of her examination.  (DE# 75-1, p. 8.)

Royal Bahamian contends that (1) an examination under oath is not regulated by the Federal Rules of Civil Procedure (*e.g.*, according to Royal Bahamian's counsel their ability to object is virtually non-existent), (2) an examination under oath is not as reliable as a deposition,  and (3) the transcript of Lelievre's examination is therefore inadmissible except for impeachment purposes.[2]  Royal Bahamian also suggests that deposition testimony is admissible into evidence at trial only under certain circumstances indicating sufficient reliability under Federal Rule of Civil Procedure 32, and argues by comparison that an examination under oath should be excluded because it lacks these indicators of reliability.

QBE believes that the issue is not so complicated.  According to QBE, statements made by Lelievre during her examination are straightforward admissions by a party opponent -- admissible under Federal Rule of Evidence 801 -- or are former testimony admissible under F.R.E. Rule 804.  (DE# 107, pp. 2-5.)

---

[2]     Both Parties begin their arguments by citing violations by the other party of the "meet and confer" requirement mandated by Local Rule 7.1(3).  These issues have already been addressed in a previous court order and do not affect my current ruling. (DE# 131).

## II.  Standards Governing the Admissibility of Out of Court Statements

Federal Rule of Evidence 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Hearsay is not admissible except as provided by . . ." exceptions in the rules or where specifically defined as not hearsay.  FED. R. EVID. 802.  For instance, former testimony, that is, a witness's testimony previously given in the same or different proceeding, is hearsay but is admissible as an exception to the rule.  FED. R. EVID. 804(b)(1).  In order to be admissible under the former testimony exception, however, the declarant (*i.e.*, Lelievre) must be "unavailable," as that term is defined by the rule.  Certain other statements, while made out of court and offered for the truth of the matter asserted, are simply **defined by the rules** as *not* hearsay and are therefore admissible.

In particular, F.R.E. 801(d) provides, in pertinent part, that a "statement is not hearsay if . . . The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

## III.  Analysis

Although QBE argues that Lelievre's testimony during her examination constitutes former testimony admissible under Federal Rule of Evidence 804(b)(1), the Parties suggested at the hearing that she was available within the meaning of this rule. Should she remain available through the trial, her testimony will not be admissible as former testimony.  However, to the extent Lelievre becomes unavailable to testify at the trial, QBE may at that time seek permission from Chief Judge Moreno to use her examination testimony.  *See United States v. Gibson*, 84 F. Supp. 2d 784, 787 (S.D. W.

3

Va. 2000) (examination under oath admissible under Rule 804(b)(1) where examinee deceased at time of trial).

Whether or not Lelievre becomes unavailable is likely a moot question, though, because I find that her examination under oath testimony is an admission by a party opponent through its designated corporate representative. I therefore preliminarily deny Royal Bahamian's motion – because her testimony is explicitly deemed to be "not" hearsay, and is therefore admissible. FED. R. EVID. 801(d)(2), note to subdivision d (1972) ("No authority is required for the general proposition that a statement authorized by a party to be made should have the status of an admission by the party"). *Accord City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 561 n.13 (11th Cir. 1999) ("The alleged statement of Welch to Caine . . . constitutes a nonhearsay admission by a party opponent . . . Welch, as president of Industrial, was an agent of the company"). *See also Monarch Ins. Co. of Ohio v. Spach*, 281 F.2d 401, 411 (5th Cir. 1960) (suggesting that under prior version of the federal evidence rules the examination under oath of an insured's president would be admissible not only for impeachment but also as direct evidence of a falsely made claim).[3]

I somewhat agree with Royal Bahamian that *generally* an examination under oath is not the same as a deposition and that during an examination the examinee may

---

[3] While the Parties did not cite to an Eleventh Circuit, Florida district court, or Florida state court case for this point and the Court's own research yielded none, it is worth noting that several other state courts reached the same conclusion under substantially identical operational facts. *Lentz v. Metropolitan Prop. & Cas. Ins. Co.*, No. 9689, 2001 WL 389346, at *5 (Mass. App. Div. April 9, 2001) (pre-litigation examination under oath admissible as direct evidence in support of affirmative defense); *Kamenov v. Northern Assurance Co. of Am.*, 259 A.D.2d 958, 959 (N.Y. App. Div. 1999) (error to preclude defendant from reading examination under oath of plaintiff who made insurance claim); *Alexander v. Tennessee Farmers Mut. Ins. Co.*, 905 S.W.2d 177, 179 (Tenn. Ct. App. 1995) ("The transcripts of examinations under oath . . . are admissible as admissions by a party opponent"). *Cf. United States v. Tuschman*, 405 F.2d 688, 690 (6th Cir. 1969) ("Sworn representations . . . which were inconsistent with his subsequent testimony at trial, were admissible . . . as original evidence of the truth of the statements made"); *McIntosh v. Eagle Fire Co. of N.Y.*, 325 F.2d 99, 100 (8th Cir. 1963) ("Sworn statements are clearly admissible as an admission of a party against interest, and as such, it is immaterial whether or not the witness was able to testify or had testified in the action").

4

lack certain "safeguards" available to deponents (*e.g.*, the formal applicability of the Federal Rules of Civil Procedure).  *See Zavakos Enters., Inc. v. St. Paul Surplus Lines Ins. Co.*, 2006 WL 83502, at *6-*7 (S.D. Ohio Jan. 12, 2006).  In this situation, however, Royal Bahamian's representative was represented by counsel at her sworn examination, so it is difficult to understand what significant steps her lawyer could have taken to protect her in a deposition which he could not have taken during the examination under oath.  For example, the attorney would not have been permitted to instruct the representative to not answer questions at a deposition except under limited circumstances. FED. R. CIV. P. 30(c)(2) ("a person may instruct a deponent to not answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion" to terminate the deposition).

To be sure, an attorney representing a Royal Bahamian witness in a deposition (as opposed to a contractually-required examination under oath) could pursue certain steps unavailable in an examination, such as filing a motion or telephoning the Court for an emergency mid-deposition ruling.  But these types of distinctions are insufficient to preclude the introduction of the examination as an admission or to gut the admission rule.

Thus, Royal Bahamian's "but-an-examination-is-different-than-a-deposition" analysis misses the mark.[4]  The rationale behind Federal Rule of Evidence 801(d)(2) is not that previous statements of a party opponent are somehow more trustworthy than other statements that are defined by the rules as hearsay.  *Jewell v. CSX Transp., Inc.*, 135 F.3d 361, 365 (6th Cir. 1998) (citing *United States v. Pinalto*, 771 F.2d 457, 459

---

[4] My understanding, based on Royal Bahamian's representations at the hearing, is that its argument does not implicate Federal Rule of Evidence 403.  To the extent that Royal Bahamian's argument does somehow also implicate a Rule 403-type argument that Lelievre's examination testimony is unfairly prejudicial, such an argument would in any case also miss the mark.  *Bonds v. Dautovic*, No. 4:09-cv-00131, at *5 (S.D. Iowa July 22, 2010).

(10th Cir. 1985)). Rather, admission of one party's statement against that party is justified by "a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." *United States v. DiDomenico*, 78 F.3d 294, 303 (7th Cir. 1996).

Given that Lelievre's testimony would clearly constitute an admission by a party opponent if introduced at trial, that Royal Bahamian's argument is seemingly at odds with the well-understood justification for Rule 801(d)(2), and that Royal Bahamian did not point to even one instance where another court has accepted its argument, I must deny its motion.[5]

---

[5] The Parties revealed to the Court during the hearing that Lelievre's examination under oath took only 5 hours and that she was accompanied and represented by an attorney from the firm currently representing Royal Bahamian in this action. An attorney's presence during the examination militates in favor of the admission of the examination testimony. Most admissions by a party opponent admitted under Rule 801(d)(2) involve situations where a party did not have an attorney or where the attorney was not present at all.

### IV.     Conclusion

Royal Bahamian's motion is preliminarily denied.  QBE shall be entitled to use Lelievre's examination under oath as evidence and for impeachment purposes, subject of course to any contrary decision by Chief Judge Moreno during the trial of this cause. Moreover, should Lelievre become unavailable for trial (as that is defined by F.R.E. 804(a)) and it otherwise becomes necessary, QBE may at that time seek a ruling from Chief Judge Moreno as to whether Lelievre's testimony is also admissible as former testimony.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 20th day of October, 2010.

*[signature]*

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
All counsel of record