**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

**Case No. 10-21511-CIV-MORENO/GOODMAN**

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,
v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

**PRELIMINARY ORDER ON MOTION *IN LIMINE* TO EXCLUDE AND/OR LIMIT CUMULATIVE EXPERT TESTIMONY**

THIS MATTER is before the Court on the Motion *in Limine* of Plaintiff, Royal Bahamian Association, Inc. ("Royal Bahamian"), to exclude and/or limit Defendant, QBE Insurance Corporation ("QBE") from presenting cumulative expert testimony.[1] (8/25/2010, DE# 78.) Defendant, QBE Insurance Corporation ("QBE"), responded on September 13, 2010. (DE# 105.) On October 15, 2010, the Court held a hearing on the motion. (DE# 142.) Having heard the arguments of the parties, reviewed the applicable filings and the law, and for the reasons stated below, this Court preliminarily denies Royal Bahamian's motion without prejudice.

Like all of this Court's rulings on the *in limine* motions, this ruling is a preliminary one and may, of course, be revisited by Chief U.S. District Judge Federico A. Moreno, who will be presiding over the trial, should the evidence at trial materially differ from the parties' predictions or if the factual and legal issues under consideration significantly change (or if QBE does not adequately monitor the testimony of its two trial experts and

---

[1] All non-dispositive pretrial motions have been referred to me for decision by the Honorable Federico Moreno, Chief Judge of the United States District Court for the Southern District of Florida. (DE# 37, 7/26/2010; DE# 40, 7/28/2010.)

seeks to introduce testimony from the second expert which was provided by the first expert).

### I. Background

This case involves the claims of an insured, Royal Bahamian, against its property insurer, QBE, relating to claimed damage of its insured property allegedly caused by Hurricane Wilma in 2005. The motion now before the Court relates to two of QBE's expert witnesses, Jack Brown and Daniel Lavrich. (DE# 78, ¶ 11.) The parties presented the following facts in the motion and response.

According to Royal Bahamian, QBE's Rule 26 disclosures demonstrate that both experts will give identical, and therefore needlessly cumulative and prejudicial, testimony. (*Id.* at ¶¶ 13, 16.)

As the basis for its contention, Royal Bahamian points to QBE's Rule 26 expert disclosures, which describe the two experts as follows:

> Mr. Brown was hired to perform an inspection of the subject roof. He will most likely have knowledge concerning causation, inspection, estimated damages to the roof and repairs to be done relating to any services and/or work performed or to be performed for the subject property's roof.
>
> Mr. Lavrich was hired to perform an inspection of the subject property, specifically the subject roof. He will most likely have knowledge concerning causation, inspection, estimated damages to the roof and repairs to be done relating to any services and/or work performed or to be performed for the subject property.

(DE# 78, ¶¶11-12. *See also* DE# 48, Def.'s Expert Disclosures.)

According to QBE, however, these two experts possess different expertise, and their testimony, while related to the roof, will be different. QBE states that Brown is a licensed roofing contractor, who will "testify from the unique perspective of a roofing consultant, contractor, and investigator," whereas Lavrich is a professional engineer who will provide causation and damage opinions from a structural engineering perspective.

2

(DE# 105, pp. 2-3.)  QBE also will use Brown as a fact witness with regard to its concealment, misrepresentation or fraud affirmative defense.  (*Id.* at p.p. 4-5.)

## II.     Standards Governing Cumulative Expert Testimony

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Expert testimony may be needlessly cumulative where there is "substantial overlap" between the areas on which two experts will testify.  *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D. N.Y. 2007).  *See also Goldstein v. Centocor*, No. 05-21515 COV, 2007 WL 61913, at *2 (S.D. Fla. Jan. 5, 2007) (granting motion in limine to exclude second pulmonologist's testimony where credentials were virtually identical).

Unnecessarily similar and cumulative expert testimony may create the risk that a jury will resolve differences in expert opinion by "counting heads" instead of by giving fair consideration to the quality and credibility of each expert's opinions.  *Sunstar, Inc. v. Alberto-Culver Co., Inc.*, No. 01 C 0736, 01 C 5825, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004).  Testimony on the same topic by different experts, however, is not needlessly cumulative where the experts will testify from different professional perspectives.  *E.g., Mendez v. Unitrin Direct Prop. & Cas. Ins. Co.*, No. 8:06-cv-563-T-24-MAP, 2007 WL 2696795, at *1-*2 (M.D. Fla. Sept. 12, 2007) (allowing two experts to testify regarding bad faith issues where one was claims handling expert and other was expert on an insurer's legal duties to its insured); *Geico Cas. Co. v. Beaford*, No. 8:05-cv-697-T-24EAJ, 2007 WL 2412974, at *5 (M.D. Fla. Aug. 21, 2007) (allowing two experts to testify regarding bad faith issues where one was attorney and other was experienced claims adjuster).

### III. Analysis

Royal Bahamian's counsel conceded at the hearing that testimony about the same subject from experts of different disciplines does not necessarily constitute the needless presentation of cumulative evidence. Instead of excluding testimony at this time, Royal Bahamian's counsel requested that the Court allow it to object to the testimony of the second presented expert should his testimony actually turn out to be needlessly cumulative. Based upon Royal Bahamian's concession and QBE's arguments, the Court concludes that it is likely Brown and Lavrich will testify from sufficiently different professional perspectives so that their testimony will not be duplicative or needlessly cumulative. Consequently, Royal Bahamian's motion is preliminarily denied, without prejudice, as premature.

At the trial, however, QBE is directed to coordinate Brown and Lavrich's testimony on direct examination to avoid needless duplication and cumulative testimony, consistent with Federal Rule of Evidence 403. *Abrams v. CIBA Specialty Corp.*, no. 08-0068-WS-B, 2010 WL 779273, at *8 (S.D. Ala. March 2, 2010). Should Royal Bahamian ultimately determine it is appropriate, it may re-raise its objections to the purportedly cumulative nature of Lavrich and Brown's testimony during the trial. *Walker v. Werner Enter., Inc.*, No. 8:07-cv-631-T-24EAJ, 8:07-cv-632-T-24TBM, 2008 WL 2816248, at *4 (M.D. Fla. May 14, 2008).

**IV.    Conclusion**

Royal Bahamian's motion *in limine* to exclude and/or limit QBE from presenting cumulative expert testimony is denied without prejudice. QBE is instructed to coordinate the testimony of Lavrich and Brown, consistent with Rule 403, but Royal Bahamian may re-raise their objections to Chief Judge Moreno during the trial if appropriate.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 21st day of October, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
All counsel of record