UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21511-MORENO/GOODMAN

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

**PRELIMINARY ORDER ON PLAINTIFF'S MOTION**

***IN LIMINE* TO EXCLUDE EVIDENCE CREATED**

<u>**PRIOR TO THE ISSUANCE OF POLICY NO. QF2910-06**</u>

THIS MATTER is before the Court on the Motion *in limine* of Plaintiff, Royal Bahamian, to exclude evidence of building condition created prior to the issuance of the insurance policy. (08/25/10, DE# 77.) Defendant, QBE, responded on September 13, 2010, Plaintiff replied on September 23, 2010, and a hearing on the motion was held on October 15, 2010. (DE# 104; DE# 125; DE# 142.)

After reviewing the related filings, having heard the parties' arguments at the hearing, and being otherwise advised as to relevant law, the Court denies Plaintiff's motion. Like all of this Court's rulings on the *in limine* motions, this ruling is a preliminary one and may, of course, be revisited by Chief U.S. District Judge Federico A. Moreno, who will be presiding over the trial, should the evidence at trial materially differ from the parties' predictions or if the factual and legal issues under consideration significantly change.

**I.    Background**

This case involves the claims of an insured, Plaintiff, against its property insurer, Defendant, relating to claimed damage of its insured property allegedly caused by Hurricane Wilma in 2005.  Plaintiff believes that evidence regarding the condition of its condominium buildings prior to the issuance of the policy is irrelevant and brought this motion seeking to preclude QBE from offering this evidence at trial.  (DE# 77, ¶¶ 6-7.)

According to Plaintiff, under the concurrent cause doctrine, as long as any damage to its building was caused at least in part by a covered cause of loss (*e.g.*, Hurricane Wilma), the policy covers the damage.  Moreover, Plaintiff believes that certain specific pieces of evidence it expects Defendant to offer on prior damage are inadmissible because they contain hearsay.

Defendant agrees that the concurrent cause doctrine applies. However, Defendant contends that the doctrine is not dispositive because the policy would not cover damage caused *solely* by excluded causes or damage that existed prior to the policy issuance.  To that end, among its affirmative defenses, Defendant listed various causes other than Hurricane Wilma as the reason for the damage to the condominiums.[1] Defendant argues that it must be able to show the jury the building's prior condition to allow the jury to differentiate between damage that was caused prior to the policy issuance (and is therefore not covered) and damage that was caused or exacerbated by a covered cause of loss after the policy was issued.  (DE# 104, p. 2.)

---

[1]    Second Affirmative Defense: wear and tear, rust or other corrosion, deterioration, hidden or latent defect, settling, cracking, shrinking or expansion, and continuous or repeated seepage or leakage of water.
Fourth Affirmative Defense: faulty or inadequate design, workmanship, repair, construction, renovation, remodeling, grading, compaction, and/or maintenance.
Eighth Affirmative Defense: neglect and/or failure to mitigate losses.  (DE# 6.)

### II. Concurrent Cause Doctrine

Under Florida law, the issue of multiple causes in cases involving coverage disputes is "usually decided by application of the concurrent cause doctrine." *New Hampshire Ins. Co. v. Krilich*, No. 09-13705, 2010 WL 2825574, at *2 (11th Cir. July 20, 2010) (quoting *Hrynkiw v. Allstate Floridian Ins. Co.*, 844 So. 2d 739, 745 (Fla. 5th DCA 2003)). The doctrine affords coverage if damage is caused by multiple independent causes but one of the causes is an insured risk. *Id. Accord Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1329-31 (11th Cir. 2005); *Allstate Ins. Co. v. Safer*, 317 F. Supp. 2d 1345, 1353-54 (M.D. Fla. 2004).

The Court agrees with Defendant that, although the concurrent cause doctrine applies, it does not preclude admission of evidence showing the building's condition prior to the issuance of the policy. Plaintiff was unable to point to any case where any court had previously accepted its argument. Moreover, the opportunity to offer this type of evidence would appear to be critical to Defendant's legitimately raised affirmative defenses. For instance, if Defendant can successfully demonstrate that the claimed damages existed before the policy was issued, then this doctrine may operate to allow Defendant to avoid liability.

In seeking to exclude this evidence Plaintiff is essentially asking the Court to grant it summary judgment on Defendant's related affirmative defenses, when in fact this is a classic example of an issue that must be left to the jury. *Marshall v. Mintz*, 386 F.2d 415, 416 (5th Cir. 1967) ("A fact issue must be submitted to the jury, we have said, if reasonable men could differ on the conclusions to be reached from the evidence presented"). The Court therefore denies this portion of Plaintiff's motion.

### III. Plaintiff's Hearsay Objections

Plaintiff has also prospectively objected to several specific pieces of evidence that it believes Defendant will seek to introduce at trial as to preexisting conditions.

Although Defendant addressed some of these documents in its response, it did so merely to support its argument that this general category of evidence is relevant. Defendant made no explicit commitment that it would in fact offer these particular documents at trial. The Court is disinclined to rule at this time on Plaintiff's prospective concerns over documents that Defendant may or may not actually introduce at trial. Consequently, the Court denies this portion of Plaintiff's motion without prejudice. Should Defendant actually offer these documents into evidence at trial, Plaintiff may make any appropriate objections at that time to Chief Judge Moreno.

### III.   Conclusion

Plaintiff's motion *in limine* to categorically exclude evidence created prior to the issuance of the policy concerning the building's condition is denied. However, to the extent Plaintiff believes there is cause to object to a particular piece of this type of evidence at trial, then Plaintiff may make the appropriate objection to Chief Judge Moreno.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 22st day of October, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
All counsel of record