UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 10-21511-CIV-MORENO**

ROYAL BAHAMIAN ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for Summary Judgment **(D.E. No. 55)** and Defendant's Motion for Partial Summary Judgment **(D.E. No. 53)**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 117)** on **September 17, 2010**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Jonathan Goodman's Report and Recommendation **(D.E. No. 117)** on **September 17, 2010** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1) Plaintiff's Motion for Summary Judgment on Defendant's First Affirmative Defense, regarding whether the insurance policy covers damage to sliding glass windows and doors ("fenestrations") is GRANTED. Thus, Defendant's Motion for Summary Judgment on its First Affirmative Defense is DENIED. This Court agrees with Magistrate Judge Goodman

that the insurance policy provides coverage over sliding windows and glass doors. Section 718.111(11), Florida Statutes (2003), allocates responsibility for insuring sliding windows and glass doors to the association. *See Mayfair House Ass'n, Inc. v. QBE Insurance Corp.*, No. 07-80628, 2008 WL 4097663 (S.D. Fla. Aug. 29, 2008). Furthermore, paragraph B.I.h. of the policy provides coverage for "[a]ny other portion of the condominium property, if your Condominium Association Agreement requires you to insure it." Because Plaintiff is obligated under statute to insure sliding windows and glass doors and these items constitute "other portion[s]" of the condominium property, they are covered by the insurance policy.

(2) Plaintiff's Motion for Summary Judgment as to Defendant's Ninth Affirmative Defense is DENIED, because there exist genuine issues of material fact for trial. Plaintiff claims that there is no evidence that it "misrepresented or concealed any material facts with the intent to defraud or deceive QBE." This Court finds, however, that facts exist that could cause a jury to conclude that Plaintiff concealed material information regarding its insurance claims. Such facts include evidence that Plaintiff waited long periods of time to respond to information requests and failed to show up for an examination under oath regarding its claims, testimony suggesting that Plaintiff did not actually believe sliding windows and glass doors were covered, testimony suggesting that some of the damage was not caused by Hurricane Wilma, and testimony that Plaintiff overstated the amount of damage actually caused by Hurricane Wilma.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of October, 2010.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge Jonathan Goodman
Counsel of Record